

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00136-CR

**ALVIN CLAUDE LINTON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 14172-A

## MEMORANDUM OPINION

Alvin Claude Linton was convicted of possession with intent to deliver a controlled substance in an amount over one gram and under 4 grams, enhanced. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c) (West 2017). He was sentenced to 39 years in prison.

Linton's appellate attorney filed a motion to withdraw and an *Anders* brief in support of the motion to withdraw, asserting that the appeal presents no issues of arguable merit. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Counsel advised Linton that counsel had filed the motion and brief pursuant to *Anders* and provided Linton with a copy of the record, advised Linton of his right to review the record, and advised Linton of his right to submit a response on his own behalf. Linton submitted a response. The State replied to Linton's response.

Counsel asserts in the *Anders* brief that counsel has made a thorough review of the entire record, including voir dire, the sufficiency of the evidence, both the guilt/innocence and punishment phases of the trial, and the punishment assessed. After the review, counsel concludes there is no non-frivolous issue to raise in this appeal. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In his response to counsel's *Anders* brief, Linton contends the evidence was insufficient to support his conviction because his co-defendant was an accomplice witness whose testimony was not corroborated by other evidence tending to connect Linton to the contraband. The record does not support Linton's contention.

Upon the filing of an *Anders* brief, as the reviewing appellate court, it is our duty to independently examine the record to decide whether counsel is correct in determining that an appeal is frivolous. *See Anders*, 386 U.S. at 744; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). Arguments are frivolous when they "cannot conceivably

persuade the court." *McCoy v. Court of Appeals*, 486 U.S. 429, 436, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).

Having carefully reviewed the entire record, the *Anders* brief, Linton's response, and the State's reply, we have determined that this appeal is frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's Judgment of Conviction by Jury signed on April 16, 2018.

Should Linton wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. No substitute counsel will be appointed. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration has been overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. (Tex. Crim. App. 1997, amended eff. Sept. 1, 2011). Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See also In re Schulman*, 252 S.W.3d at 409 n.22.

Counsel's motion to withdraw from representation of Linton is granted, and counsel is discharged from representing Linton. Notwithstanding counsel's discharge, counsel must send Linton a copy of our decision, notify him of his right to file a pro se

petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins[1]
Affirmed
Opinion delivered and filed February 13, 2019
Do not publish
[CRPM]



---

[1] The Honorable Al Scoggins, Senior Justice of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003 (West 2013).